FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Apr 20, 2021
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
## for the
### Western District of Arkansas
### Fayetteville Division

In the Matter of the Search of )
)
**INFORMATION ASSOCIATED WITH** )   Case No. __21-cm-28 ELW__
**Contents of files submitted in connection** )
**With cybertipline report #82927258, currently** )
**In the custody of TFO Thomas Wooten** )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location)*: **SEE ATTACHMENT "A"**. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41

located in the Western District of Arkansas, there is now concealed *(identify the person or describe the property to be seized)*:
**SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts: **See Affidavit of TFO Thomas Wooten, "Attachment C"**

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Thomas Wooten, TFO_
*Applicant's signature*

Thomas Wooten, Task Force Officer - HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April __20th__, 2021

_Erin L. Wiedemann_
*Judge's signature*

City and state: Fayetteville, Arkansas     Erin L. Wiedemann, United States Magistrate Judge
*Printed name and title*

**Affidavit in Support of Application for Search Warrant**

I, Thomas Wooten, being duly sworn, depose and state as follows:

1. I am a Task Force Officer with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Assistant Special Agent in Charge Office in Fayetteville, Arkansas. Since June of 2000, I have been a police officer / detective with the Springdale, Arkansas Police Department. As such, I am authorized by the State of Arkansas to apply for and execute search warrants, arrest warrants and other instruments of the court. As a police officer / detective, I have received specialized training in matters related to criminal investigation, specifically but not limited to the area of sexual exploitation of minors, drug distribution, and money laundering. Since August of 2017, I have been assigned as a Task Force Officer to Homeland Security Investigations (HSI), a component of the U.S. Department of Homeland Security. As a Task Force Officer (TFO) with HSI I primarily investigate crimes related to the sexual exploitation of minors. Prior to joining HSI, I attended a 40-hour training session covering Title 8, Title 18, Title 19 and Title 21 of the United States Code. As such, I am a law enforcement officer within the meaning of Section 115(c)(1) of Title 18 United States Code, who is authorized by law or Government agency to engage in or supervise the prevention, detection, investigation and/or prosecution of any violation of Federal and State criminal law. Since joining HSI as a taskforce officer, your Affiant has received training in Cellebrite Mobile Forensics, Passmark Software/OSForensics Triage tools, and has obtained certifications as a Cellebrite Certified Operator, Cellebrite Certified Physical Analyst and OSForensics Triage Operator.

2. This Affidavit is being submitted in support of an application for a search warrant for the files submitted in connection with a Cybertip (more fully described in Attachment A), and the data located therein, there being probable cause to believe that located in the place described in Attachment A are items described in Attachment B, being evidence, fruits, and instrumentalities of violations of Title 18, United

States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.  As such, it does not include all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the requested search warrant.

## Statutory Authority

3.     This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography, relating to material involving the sexual exploitation of minors, which has been defined in Title 18, United States Code, Section 2256, as an individual under 18 years of age.

4.     Under Title 18, United States Code, Section 2252A(a)(2)(A), it is a federal crime for any person to distribute child pornography, as that term is defined by federal law.  Under Title 18, United States Code, Section 2252A(a)(5)(B), it is a federal crime for any person to possess child pornography, as that term is defined by federal law.  "Child pornography" is defined under Title 18, United States Code, Section 2256(8)(A) as any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. "Sexually explicit conduct" is defined under Title 18, United States Code, Section 2256(2)(A) as actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person.  Further under Title 18, United States Code, Section 2253(a)(3), a person who is convicted of an offense under Title 18 United States Code, Section 2252 or 2252A, shall forfeit to the

United States such person's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

## **Probable Cause**

5. The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a cybertip. To make such a report, a company providing services on the internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips. The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or user names associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in connection with the suspected criminal activity. Other than the incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP. The ISP may also upload to NCMEC any files it collected in connection with the activity. The ISP may or may not independently view the content of the files it uploads. NCMEC does not review the content of these uploaded files. Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses. NCMEC then packages the information from the ISP along with any additional information it has, such as previous related cybertips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

6. On December 28, 2020 the internet service provider Facebook, ("ISP") submitted a Cybertipline Report # 82927258 to the National Center for Missing and Exploited Children ("NCMEC").

The incident type was: "Child Pornography (possession, manufacture, and distribution)," and the incident time was listed as: November 17, 2020 at 11:01:15 UTC.

7. The ISP also uploaded files in connection with the report, the content of which NCMEC did not review. The report *did not* indicate that the ISP reviewed the contents of the files. The ISP reported the following additional information: IP addresses; screen names/usernames; email address; filenames; MD5 Hash Value; Suspect Profile URL and ESP User ID. Based on my training and experience your Affiant understands the additional information the ISP provider gave as follows:

> On November 17, 2020, Jake LANKFORD (hereinafter identified as LANKFORD) was chatting through Facebook Messenger with another Facebook account identified as, "F.L[1]., http://www.facebook.com/people/F.-L.[2]/100041963374230." At approximately 11:01:15 UTC, Facebook captured LANKFORD'S IP address, due to him uploading a file named, "7aUfl8OkZrif6dac125287035_763110470911360_4413447356930188711 _n.jpg," which has an MD5 Hash value of ce621d12e8ad63eac025c24270f65824 and filename "JOCQSCILWG57TLfc125802868_382417503000612_707231964011539 1357_o.jpg" with an MD5 Hash value of 69af64654cfd895f4498205dbd8d4853.
>
> The cybertip indicated that the reporting ESP (Facebook) did not view the entire contents of the uploaded files, however these two (2) files were categorized by Facebook officials as "B1," which means the two files depict a "Pubescent Minor" engaging in a sexual act. Facebook also provided some chat content between, "LANKFORD and F. L.." The chat information was sent before and after the Child Abuse Material (CAM) was uploaded. The following information is what was provided by Facebook:
>
> The following messages were sent immediately preceding and following the uploaded CEI:
>
> (November 17, 2020 at 10:57:00 UTC) 100056481681468: Hold on you want to see my son
>
> (November 17, 2020 at 10:58:07 UTC) 100056481681468: He's 11
>
> (November 17, 2020 at 10:59:42 UTC) 100056481681468: {Uploaded content with the unique ESP identifier ee.mid.$cAAAB_OK81qp8ByGGgF11dw432_Bj. The content is not included with this report.}
>
> (November 17, 2020 at 11:01:16 UTC) 100056481681468: This image was uploaded
>
> (November 17, 2020 at 11:01:21 UTC) 100056481681468: More

---

[1] Name redacted for purposes of this search warrant.
[2] Name redacted for purposes of this search warrant.

Based on the information provided by Facebook, LANKFORD was chatting with F. L. through Facebook Messenger and uploaded two (2) files depicting CAM. LANKFORD appeared to be chatting about his eleven (11) year old son prior to sending the CAM. Facebook identified the CAM based on the MD5 Hash value and/or Photo DNA. Facebook also provided the profile photograph for LANKFORD and the cybertip indicated the photograph was publicly available. Your Affiant downloaded the Facebook account profile photograph from the cybertip and viewed the image. The image depicted a face shot of LANKFORD who is also known to your Affiant from an on-going child exploitation investigation pursuant to four other cybertipline reports.

10. Based on my training and experience, your Affiant knows NCMEC then used publicly available search tools to discover that the IP address the ISP reported resolved to the Kansas City, Missouri and Dallas-Fort Worth area. The IP addresses resolved to T-Mobile USA. Your Affiant currently has the cybertip report and the unopened contents of the file that the ISP uploaded in connection with the cybertip.

11. Your Affiant knows from his training and experience that the ISP flags and reports images or files that have the same "hash values" as images that have been reviewed and identified by NCMEC or by law enforcement as child pornography. A hash value is akin to a fingerprint for a file. The contents of a file are processed through a cryptographic algorithm, and a unique numerical value – the hash value - is produced that identifies the unique contents of the file. If the contents are modified in any way, the value of the hash will also change significantly. Your Affiant knows from his training and experience that the chances of two files with different content having the same hash value are infinitesimal.

12. Here, your Affiant knows from his training and experience that the ISP compares the hash values of files that its customers transmit on its systems against the list of hash values that Facebook/NCMEC has. If the ISP finds that a hash value of a file on its systems matches one on the list, it captures the file along with information about the user who posted, possessed, or transmitted it on the ISP's systems.

13. Your Affiant also knows that the ISP uses PhotoDNA. PhotoDNA is a software technology developed by Microsoft that computes hash values of images, video and audio files to identify alike images. PhotoDNA is primarily used in the prevention of child pornography proliferation. Here, that

technology was used to determine that a user of its services posted or transmitted a file with the same hash value as an image that has previously identified as containing child pornography.

14. Therefore, there is probable cause to believe that the images the ISP uploaded in connection with the cybertip contains an image of previously-identified child pornography.

15. Based on the foregoing information, probable cause exists to believe there is located inside the files that the ISP uploaded in connection with the above cybertip, evidence of violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography. Your Affiant prays upon his honorable court to issue a search warrant for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

_____
Thomas Wooten, Task Force Officer
Homeland Security Investigations

Affidavit subscribed and sworn to before me this __20th__ day of April, 2021.

_____
Honorable Erin L. Wiedemann
United States Magistrate Judge

## ATTACHMENT A

## **DESCRIPTION OF LOCATION TO BE SEARCHED**

Content of files uploaded in connection with Cybertipline Report # 82927258 (hereinafter and in Attachment B the "Files"), currently held by HSI in Fayetteville, Arkansas.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the Files listed and described in Attachment A, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(5)(B):

1. Images or visual depictions of child pornography.

2. Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to child pornography or sexual activity with or sexual interest in minors.

3. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the File(s), or that aid in the identification of persons involved in violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(5)(B)

### DEFINITIONS:

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer data or electronic storage; any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as digital image files; microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

5. "Child Pornography" is defined in 18 U.S.C. § 2256(8), which includes as any visual depiction of sexually explicit conduct involving the use of a minor; a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaged in sexually explicit conduct; or a visual depiction that has been created, adapted, or modified to appear than an identifiable minor is engaging in sexually explicit conduct.

6. "Visual depiction" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).